**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Leonard Goodwin, Appellant.

Appellate Case No. 2011-193507

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2013-UP-448
Heard September 10, 2013 – Filed December 11, 2013

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, Appellate Defender Benjamin John Tripp, and Appellate Defender Breen Richard Stevens, all of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliot, and Senior Assistant Attorney General Melody J. Brown, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:**  Leonard Goodwin appeals his conviction for murder, arguing the circuit court erred in failing to: (1) properly charge the jury on the relationship of circumstantial evidence to the determination of guilt; (2) grant a directed verdict based on a lack of substantial circumstantial evidence of Goodwin's guilt; and (3) suppress certain prejudicial photographs under Rule 403, SCRE. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Goodwin's argument regarding the jury charge:  *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) (holding the circuit court "'is required to charge only the current and correct law of South Carolina'"(quoting *Sheppard v. State,* 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004))); *State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009) ("Errors, including erroneous jury instructions, are subject to harmless error analysis."); *State v. Wharton*, 381 S.C. 209, 213, 672 S.E.2d 786, 788 (2009) ("A [circuit] court's decision regarding jury charges will not be reversed where the charges, as a whole, properly charged the law to be applied."); *State v. Logan*, 405 S.C. 83, 94 n.8, 747 S.E.2d 444, 449 n.8 (2013) (finding a jury charge containing identical language as presented in the instant case "as a whole, properly conveyed the applicable law" and "[t]hus, any conceivable error was harmless beyond a reasonable doubt").

2.  As to Goodwin's argument regarding the denial of his directed verdict motion: *State v. Lollis,* 343 S.C. 580, 583, 541 S.E.2d 254, 256 (2001) ("On appeal from the denial of a directed verdict, this [c]ourt must view the evidence in the light most favorable to the State."); *State v. McHoney,* 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001) ("A defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged."); *State v. Brown*, 402 S.C. 119, 124, 740 S.E.2d 493, 495 (2013) ("However, if there is any direct or *substantial circumstantial evidence* reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury." (emphasis added)); *see also State v. Robinson*, 360 S.C. 187, 194, 600 S.E.2d 100, 104 (Ct. App. 2004) ("Flight from prosecution is admissible as evidence of guilt." (quoting *State v. Pagan,* 357 S.C. 132, 140, 591 S.E.2d 646, 650 (Ct. App. 2004))); *State v. Crawford*, 362 S.C. 627, 636, 608 S.E.2d 886, 891 (Ct. App. 2005) ("The critical factor to the admissibility of evidence of flight is whether the totality of the evidence creates an inference that the defendant had knowledge that he was being sought by the authorities."); *State v. Al-Amin*, 353 S.C. 405, 413, 578 S.E.2d 32, 36-37 (Ct. App. 2003) (considering, among other factors, the accused party's flight

from the scene in determining whether substantial circumstantial evidence was presented to warrant submission of the case to the jury).

3. As to Goodwin's argument regarding the failure to suppress certain photographs under Rule 403, SCRE: *State v. Dickerson*, 395 S.C. 101, 116, 716 S.E.2d 895, 903 (2011) ("The admission of evidence is within the circuit court's discretion and will not be reversed on appeal absent an abuse of that discretion."); *State v. Myers*, 359 S.C. 40, 48, 596 S.E.2d 488, 492 (2004) (declining to reverse for error under Rule 403 because the error was harmless); *State v. Edwards*, 194 S.C. 410, 412, 10 S.E.2d 587, 588 (1940) (holding the circuit court did not abuse its discretion when it admitted graphic photographs of a victim's decomposed corpse when the photographs were already testified to in detail by witnesses at trial.).

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**